SAMUEL L. WHITE, Respondent, *v.* PETER H. McNULTY, Appellant.

*Government contract — agreement to do work upon the articles to be supplied is not an assignment of the contract — objection that the government contractor was not a manufacturer or regular dealer in the articles to be supplied.*

A contract by which one party agrees to do certain work upon articles which the other party thereto has contracted to supply to the United States government does not constitute an assignment of an interest in the government contract within the meaning of section 3737 of the United States Revised Statutes, forbidding such an assignment.

The objection that the government contract was illegal under section 3722 of the United States Revised Statutes, because the contractor was not a manufacturer of or regular dealer in the articles which he contracted to supply, can be taken advantage of only by the government.

APPEAL by the defendant, Peter H. McNulty, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of June, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of July, 1897, denying the defendant's motion for a new trial made upon the minutes.

*M. L. Towns*, for the appellant.

*A. C. Smith*, for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiff, as assignee of one McWilliams, to recover damages alleged to have been sustained by

McWilliams from the failure of the defendant in the performance of a contract alleged to have been made by McWilliams with him. The answer put in issue the existence of the contract and the damages for its non-performance.

It seems to be assumed by the appellant that it was necessary in order that the plaintiff should succeed that he should establish the contract which it was alleged that McWilliams had with the government and the particular terms of that contract. It is further claimed that if any such contract existed it was illegal as being contrary to the provisions of section 3722 of the United States Revised Statutes, McWilliams not being a manufacturer of or regular dealer in the articles which he had offered to supply, and for the supply of which the alleged contract had been made. It was further urged that whatever arrangement might have existed between McWilliams and the defendant in regard to the manufacture of any goods, it was illegal because in violation of section 3737 of the United States Revised Statutes, which prohibited the transfer of any contract or order or interest therein by the party to whom such contract or order was given to any other party.

It is difficult to see how the defendant can avail himself of any prohibition of these statutes. McWilliams made no assignment of any interest in any governmental contract to him. All that he did was to contract with the defendant to do certain work upon articles which he (McWilliams) had contracted to furnish to the government. This was in no manner an assignment of any interest in the contract which McWilliams had with the government. McWilliams was to receive his pay from the government and was to pay the defendant for the work which he was to do.

Neither can the defendant avail himself of the prohibition contained in section 3722. That is a matter resting between the government and the contractor. McWilliams gave testimony tending to establish a contract with the defendant and failure upon the part of the defendant to comply with this contract; and also that he had written numerous letters to the defendant urging completion upon his part and containing criticisms as to the manner in which the work was being performed. Certain letters from McWilliams to the defendant in respect to such performance were offered in evidence which referred to the terms of the contract. Their intro-

duction was objected to upon the ground that McWilliams could not make evidence for himself as to the terms of the contract. But it appears that they were pertinent to the contract between him and the defendant and to its performance, and that they were written in the usual course of business. It further appears from the evidence that McWilliams had had conversations with the defendant in reference to some of these letters, and that the defendant acknowledged his inability to comply with the contract and told McWilliams to go ahead and see what he could have the contract completed for and let him know. McWilliams testified that he found out what he could get the contract completed for and that he stated the particulars roughly to the defendant, and that the defendant replied, " that is all right, go ahead, that is a relief to me," and that McWilliams thereupon went ahead and had the contract completed.

No motion was made either at the termination of the plaintiff's case or upon the close of the whole evidence to dismiss the complaint upon the ground of insufficiency of proof or for any judgment; and the questions as to the contract, its completion and the damages sustained by the plaintiff, were submitted to the jury without any exception or request upon the part of the defendant, and the jury having found a verdict for the plaintiff, we see no reason to disturb the same.

The exceptions based upon the United States Revised Statutes are evidently unavailing and the exceptions to the receipt of the letters in evidence seem to be equally without foundation for the reasons above stated.

The judgment and order should be affirmed, with costs.

BARRETT, RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.